Kirpalani, Maynard M., J.
This case was tried in the Essex County Superior Court sitting in Newburyport on May 14, 2012, without jury. The plaintiff called a single witness, himself. The defendants called a single witness, Gina Johnson, a Senior Loan Analyst for Ocwen Loan Servicing, LLC. The parties submitted a total of seven exhibits. Both parties also submitted proposed findings of fact and conclusions of law. The sole claim left after the allowance of motions for sum-maiy judgment is one for a violation of G.L.c. 93A. The essential allegation is that the plaintiff was injured by the defendant’s handling and denial of his application for a modification of his residential first mortgage under the Home Affordable Modification Program.
Based on all of the evidence and the parties’ submissions, I make the following findings of fact and conclusions of law.
FINDINGS OF FACT
The plaintiff, William T. Barrasso, Jr. (“Barrasso”) purchased a new condominium unit at 80 Walnut Street in Peabody, Massachusetts in September of 2005. The original lender was New Century Mortgage Corporation. The original servicer was also New Century. The property was financed by virtue of two loans and mortgages were given by the plaintiff in connection with both. The first mortgage was in the principal amount of $211,200.00 with an initial rate of 6.65%, adjustable in accordance with a predetermined index after two years. In January of 2007 the ownership of his loans was transferred to Bank of America, N.A. and the defendant, Litton Loan Servicing, L.P. (“Litton”) became the servicer. When the initial interest rate adjustment on Barrasso’s adjustable rate first mortgage came up after two years, which required him to pay several hundred dollars more per month, he requested a modification of the terms of the loan. He contacted Litton for that purpose and was told that he could keep the loan at the same interest rate and payment schedule for 22 months. That modification was executed by Barrasso on January 17, 2008, effective December 1, 2007.
In May of 2010, Barrasso made an application to Litton for another modification through his counsel. Litton sent an acknowledgment letter to Barrasso dated May 28, 2010. The letter acknowledged receipt of his request for loan modification, stated that Litton would review the initial documentation package and that if additional documentation was needed, Litton would contact him. Thereafter, by letter dated July 12, 2010, Litton advised Barrasso that he had not submitted all the documentation previously requested. The letter indicated that the following documents were required in order to proceed with his request for modification:
1. Signed and dated IRS form 4506-T (Request for Transcript of Tax Return);
2. Signed copy of his most recently filed federal income tax return with all schedules and forms;
3. A copy of his most recent bank statement;
4. A copy of his two most recent pay stubs showing year-to-date earnings.
*47 The letter indicated that Litton would consider his request withdrawn if it had not received the requested documentation by July 27, 2010.[1]
However, I credit the testimony of Barrasso, buttressed by a letter dated July 14, 2010 sent by his attorney to Litton, that his initial information packet sent to Litton in May 2010 included IRS form 4506-T, copies of his 2008 and 2009 tax returns, his bank statement, and his two most recent pay stubs.
By letter dated August 4, 2010, Litton wrote to Barrasso and stated, “[W]e are unable to offer you a HAMP modification because you did not provide us with the documents we requested. A notice listing the specific documents we needed and the time frame required to provide them was sent to you more than 30 days ago.”[2] The August 4 letter went on to state that Barrasso had 30 days from the date of the letter “to contact Litton to discuss the reason for non-approval for a HAMP modification or to discuss alternative loss mitigation options.”[3]
By letter dated July 14, 2010, Barrasso’s lawyer had written to Litton demanding a settlement pursuant to General Laws c. 93A, claiming that “Litton violated the guidelines for the federal Home Affordable Modification Program (“HAMP”) by wrongfully denying him a loan modification, despite Barrasso qualifying for such a modification, and despite him providing all required documents under HAMP. In particular, the letter pointed out that Litton, by letter of June 10, 2010,[4] had indicated that it could not proceed with the request for a HAMP modification and had requested the same documents that Barrasso had previously provided with his application package in May 2010. The letter also asserted that Litton had failed to grant Barrasso the required 30-day period to provide the requested documentation after asserting the deficiency in documentation.
Litton’s letter dated August 4, 2010 denying the HAMP modification made no reply or reference to Barrasso’s contention that he had already submitted the requested documentation, but merely reiterated Litton’s contention that Barrasso has failed to provide the documents requested by Litton.
By letter dated August 16, 2010, Litton’s outside counsel responded to the demand letter dated July 14, 2010. In that response, Litton’s counsel did not address Barrasso’s assertion that Litton had requested documents that had already been provided by Barrasso or the assertion that Litton had not allowed the required time to cure the deficiency. Rather, Litton’s counsel merely asserts that, “Litton’s records reveal that Barrasso failed to provide all of the requested documentation on a timely basis.”
In October 2011, Litton offered Barrasso a loan modification. Barrasso decided not to accept the modification because he found its terms unfavorable and specifically, it added $18,000 to his principal amount. In 2012, Litton offered another modification. This one reduced the principal amount of the first mortgage to $177,000.00 at a lower interest rate and would pay off the second mortgage, originally in the face amount of $60,000.00, for a lump sum payment of $1000.00. Barrasso has not accepted the most recent modification offer because he feels it does not adequately compensate him for the damages he asserts that have been caused by Litton’s failure to modify the loan in 2010.[5]
CONCLUSIONS OF LAW
“Chapter 93A requires claimants to set out specifically any activities in their demand letter as to which they seek relief. Separate relief on actions not so mentioned is foreclosed as a matter of law.” Clegg v. Butler, 424 Mass. 413, 423 (1997). In this case, the demand letter of July 14, 2010 stated, “Litton violated the guidelines for the federal Home Affordable Modification Program (“HAMP”) by wrongfully denying him a loan modification, despite Barrasso qualifying for such a modification, and despite him providing all required documents under HAMP.” It went on to point out that Barrasso had already provided the documents being requested by Litton’s letter of July 12, 2010 and further that Litton’s letter had not given Barrasso the required 30 days in which to cure the alleged deficiency in his application. In fact, Litton had not denied Barrasso’s application for a loan modification as of the date of this July 14, 2010 demand letter.[6] Therefore, it would be possible to find against the plaintiff on that basis alone. However, that would not permit an assessment of Litton’s conduct, which the court feels it should do.
Litton’s handling of the modification application and the dispute that immediately arose during its pendency was clumsy at best but, at worst, negligent. Faced with an assertion that the specific documents it sought had already been provided, it said and did nothing to address or rebut that specific contention. Its letters identifying the deficiency did not comply with the applicable procedures and time frames that pertained to such notices and also contained incorrect statements about the history of the issue. A negligent act standing by itself does not give rise to a claim under c. 93A. There must in addition be evidence that the negligence was or resulted in an unfair and deceptive act or practice. Squeri v. Mccarrick, 32 Mass.App.Ct. 203 (1992). Here, there is simply no explanation in the record for Litton’s position regarding the missing documentation or the misstatements regarding time frames and deadlines or its failure to employ the proper sequence of notices. Litton essentially offered no explanation for these at trial, nor did plaintiff. But Litton has no “burden of explanation” here and the scant evidence on the point does not permit an inference or finding that Litton was motivated by any pernicious or improper purpose. To the contrary, it appears that Litton mistakenly believed both that it had not received all requested documentation and that *48 it was following proper HAMP procedures. Moreover it is both undisputed and noteworthy that Litton never instituted foreclosure proceedings on the property and never made a negative report about the plaintiff to credit reporting agencies. Rather, after the date of its purported denial on August 4, 2010, Litton “left the door open” to modification and in fact offered, in good faith, two loan modifications to the plaintiff over the next two years, the most recent of which, frankly, appears quite favorable to the plaintiff as compared to the terms of the original loans.
Based on all of the credible evidence and all of the circumstances, I find that Litton did not commit an unfair or deceptive act in violation of G.L.c. 93A, §2. Accordingly, judgment shall enter for the defendant on Count IV, the only remaining count of the Complaint.
ORDER FOR ENTRY OF FINAL JUDGMENT
Judgment shall enter for the defendant on Count IV of the Complaint and final judgment shall enter for the defendant on the plaintiffs Complaint, with its costs.

According to Supplemental Directive 10-01 (“the directive”) of the Home Affordable Modification Program (“HAMP”), which applied to these dealings between plaintiff and defendant, when Litton sent the borrower such an Incomplete Information Notice, it must include a specific date by which the documentation must be received, which must be not less than 30 days from the date of the notice. The date specified in Litton’s notice was 15 days from the date of the notice and thus would not be in compliance with the directive’s requirements for an initial Incomplete Information Notice. Notably, if the borrower does not comply with an initial Incomplete Information Notice, the directive also requires a servicer to provide a second Incomplete Information Notice which includes a specific date by which the documentation must be received, which must be not less than 15 days from the date of the notice. There was no evidence in the record of any other Incomplete Information Notice being sent to Barrasso.

It was not true that such a notice was sent to Barrasso more than 30 days before August 4, 2010. The only notice of that type in evidence was dated July 12, 2010, only 23 days earlier.

There is no evidence in the record that Barrasso or his counsel thereafter took Litton up on its offer to discuss within 30 days the reason for non-approval or to discuss other loss mitigation alternatives.

There was no letter dated June 1, 2010 from Litton in evidence and no other reference in the evidence to such a letter. The court finds that this was a reference to the July 12, 2010 letter from Litton, which fits the description of the letter referenced in the 93A demand letter.

Barrasso maintains that his losses include lost profits from his small business due to an inability to obtain a small business loan due to being in this litigation, tax penalties and interest incurred because he has had to apply his income to keeping the business running because of the financial limbo the litigation has placed him in, and tax penalties due to early withdrawal from a retirement account used to keep the business running.

It was not until its letter of August 4, 2010 that Litton purported to deny the application and, even then, the letter gave Barrasso 30 days to contact Litton to discuss the reason for nonapproval for a HAMP modification, so the denial was obviously not irrevocable.